MERRITT, Circuit Judge,
concurring.
Perhaps this concurrence should be a dissent because it appears to me that there was no substantial evidence supporting conviction in this case other than the confession and the confession seems highly suspect because it was obtained under questionable circumstances according to the record. The problem here is that the factual record before us is incomplete, but the Anti-Terrorism and Effective Death Penalty Act of 1996 requires us to uphold state court findings of fact unless we are convinced they are in error. 28 U.S.C. § 2254(e)(1).* What we do know is that petitioner was arrested at 1:20 p.m. on January 24, 2000. He was told he could not use the telephone. Although petitioner apparently did not specifically ask for an attorney, he testified that he wished to call his mother to ask her to call his attorney. He was interrogated for several hours that afternoon by Officer Giaquinto, *424 and he repeatedly denied involvement in the murder. He was then transferred to another floor in the jail that was dirty, having only an open privy, no shower and no bunks for sleeping, only pallets on the floor. The jail also lacked food preparation facilities, and the record seems to indicate that petitioner was not given anything to eat from the time he was arrested until he agreed to take a polygraph test the following afternoon at about 4:00 p.m. — a period of over 24 hours. He slept on the floor that night. He was not able to shower or conduct any other forms of personal hygiene. He was interrogated again for several hours the next morning. It appears that he was only given food because he agreed to take the polygraph test. The food consisted of two sandwiches and a drink.
A review of the trial court transcript from the state suppression hearing shows that the state court, in a conclusory fashion, suppressed as coerced the oral statements made both before and after the polygraph test but then admitted the short confession written by petitioner just after the test and before the more extended oral confession. I am in doubt because I have trouble seeing how it is possible logically or empirically for the short written confession to be voluntary but all other statements to be coerced. No factual findings supporting either aspect of the ruling were made by the trial court. In a situation where the factual record is not clear, AEDPA directs us to presume that the state court’s factual findings are correct. We must indulge in a presumption of correctness and leave the state judgment alone unless we are “convinced.” In the absence of “clear and convincing” evidence of coercion, I reluctantly join in the majority’s decision.

 28 U.S.C. § 2254(e)(1) states:
In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.